**BRANDON H., By and Through his guardians, RICHARD H. and Marla H., Plaintiff,**

**v.**

**KENNEWICK SCHOOL DISTRICT NO. 17, a municipal Washington corporation; Terry Bergeson, Washington State Superintendent of Public Instruction; Paul Rosier, Kathy Daily, Ed Frost, Dan Mildon, Lynn Fielding, Phyllis Busch, Kerri Julian, Sharon Morrison–Smith, Ruth Meneke, Joelle Sumner, and Jack Anderson individuals, Defendants.**

No. CT–98–5029–EFS.

United States District Court, E.D. Washington.

Feb. 7, 2000.

Louis B Byrd, Jr., Vancouver, WA, for Brandon H, Richard H, Marla H.

Joni R. Kerr, Law Offices of Joni R. Kerr PLLC, Vancouver, WA, Jerry (Gerald) John Moberg, Ephrate, WA, for Kennewick School Dist. No. 17.

Gregory Lee Stevens, Winston Stevens Clay & Ulrich, Spokane, WA, for Richland School Dist. No., Kim Trusty, Rich Simler.

David Alan Stolier, Atty. Gen. of Wash., Olympia, WA, Jerry (Gerald) John Moberg, Ephrata, WA, for Terry Bergeson.

Jerry (Gerald) John Moberg, Ephrate, WA, for Paul Rosier, Kathy Daily, Ed Frost, Dan Mildon, Lynn Fielding, Phyllis Busch, Kerri Julian, Sharon Morrison-Smith, Ruth Meneke, Joelle Sumner, Jack Anderson.

## ORDER DENYING PLAINTIFF–APPELLANT'S MOTION FOR ORDER ALLOWING ADDITIONAL EVIDENCE

SHEA, District Judge.

On January 26, 2000, the Court held a telephonic hearing on Plaintiff–Appellant's Motion for an Order Allowing Additional Evidence Pursuant to 20 U.S.C. § 1415(i)(2)(B)(ii) (Ct.Rec.36). Louis B. Byrd Jr. of Byrd Legal Services in Vancouver, Washington represented Plaintiff–

Appellant. David A. Stolier of the Office of the Attorney General in Olympia, Washington represented Defendant Terry Bergeson. Joni R. Kerr of the Law Offices of Joni R. Kerr in Vancouver, Washington represented the remaining Defendants. This Order memorializes and supplements the oral rulings of the Court.

## I. BACKGROUND

Plaintiff, born May 15, 1981, suffers from disabling conditions that affect his ability to appropriately interact in society. He is in need of 24 hour attendant care and qualifies for special education and related services at public expense. Plaintiff and his family have resided within the boundaries of Kennewick School District ("KSD") since the fall of 1986, when Plaintiff began his schooling. Since preschool, Plaintiff was found eligible for and received special education services through KSD.

Before the 1994–95 school year, Plaintiff's parents unilaterally withdrew Plaintiff from KSD and enrolled him in the Carondelet Behavioral Health Center in Richland, Washington, after rejecting KSD's proposed individualized education program ("IEP") for Plaintiff. Thereafter, KSD initiated a special education due process hearing, Special Education Cause ("SEC") No. 94–47, to determine Plaintiff's appropriate placement and KSD's reimbursement obligations to Plaintiff's parents. On April 20, 1995, Administrative Law Judge ("ALJ") Hansen for the State of Washington Office of Administrative Hearings for the Superintendent of Public Instruction ("WOAHSPI") issued written Findings of Fact, Conclusions of Law and Order. The decision found that KSD's IEP and educational placement determination for Plaintiff were appropriate and that KSD was not required to reimburse Plaintiff's parents for the cost of the Carondelet private placement. Plaintiff's parents appealed through the Ninth Circuit Court of Appeals but the matter was dismissed as a result of a technicality relating to service

of process. The administrative decision became final.

In September 1997, KSD developed an IEP for Plaintiff for the 1997–98 school year. Plaintiff's parents appealed that IEP in March 1998, requesting a due process hearing. The hearing was held during parts of June and August 1998. On October 10, 1998, ALJ O'Brien of WOAH-SPI issued Findings of Fact, Conclusions of Law and Order in the cause, SEC No. 98–38, which upheld KSD's IEP.

On November 5, 1998, Plaintiff filed a Petition for Judicial Review and Complaint (Ct.Rec.1) in this Court. The judicial review Plaintiff seeks is of the ALJ's ruling on SEC No. 98–38, as contained in the Findings of Fact, Conclusions of Law and Order (Administrative R. Volume IV at 1310–1311, SEC No. 98–38 Corrected Findings of Fact, Conclusions of Law and Order). That ruling, and hence this review, was limited to the following issues as they applied to the 1997–98 school year:

1. That Plaintiff-student be placed in a twenty-four hour restrictive environment at KSD expense;

2. That Plaintiff-student be reclassified from "health impaired" to "seriously behaviorally disturbed";

3. That a transition plan be formulated for Plaintiff-student;

4. That the current functional behavior assessment is not proper;

5. That the currently proposed IEP is not proper; and

6. That KSD reimburse the Parents for their expenses incurred by the private placement of Plaintiff-student at Carondolet, a psychiatric day treatment facility.

(*Id.;* Administrative R. Volume IV at 1524–27, SEC No. 98–38 Order Limiting Issues dated May 21, 1998.) In part, Plaintiff seeks review of the ALJ's denial of "competent relevant evidence." (Ct. Rec. 1 at 8, ¶¶ IV.g. and IV.h.)

The Complaint claims that KSD failed to provide Plaintiff with proper and appropriate educational services, in violation of the

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 *et seq.* and 12133, the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.* and 794, the Individuals with Disabilities Education Act ("IDEA," formerly the Education of the Handicapped Act), 20 U.S.C. §§ 1400 *et seq.*, federally protected civil rights under 42 U.S.C. §§ 1983 and 1985, the state constitutional rights of free association and privacy, the federal and state laws prohibiting discrimination, and the state laws against negligent/intentional infliction of emotional distress and fraud.

## II. PLAINTIFF–APPELLANT'S MOTION TO ALLOW ADDITIONAL EVIDENCE

Plaintiff asserts that ALJ O'Brien denied admission of competent relevant evidence at the administrative hearing. (Ct. Rec. 1 at 8, ¶¶ IV.g. and IV.h.; Ct.Rec. 36.) On this basis, Plaintiff moves to admit the following additional evidence to supplement the administrative record:

1. Documentary and oral evidence relating to all records in Defendant–Appellee's special education file for the period of time prior to 1996;

2. Documentary and oral evidence relating to all documents removed by Phyllis Busch, former Special Education Director in the Defendant–Appellee school district, from the student's master special education file;

3. Documentary, physical, and oral evidence relative to all tape recorded meetings between the Plaintiff–Appellant and Defendant–Appellee;

4. Documentary, physical, and oral evidence relative to the tape recorded press conference of Lynn Fielding, School Board Member in the Defendant–Appellee school district;

5. Documentary and oral evidence relative to the transcript of Kim Trusty, Special Education Director of Richland School District, subject of Special Education Cause No. 98–87—Richland School District;

6. Documentary and oral evidence relative to the summaries of Lynn Williams, M.D., and Eric Simmons, D.O., and a letter from Thomas Dillon, M.D.;

7. Documentary and oral evidence relative to the working agreement between DSHS and Office of Superintendent of Public Instruction ("OSPI") signed by Douglas Gill, OSPI;

8. Documentary and oral evidence relative to single agency certification for 1996, 1997, and 1998;

9. Documentary and oral evidence relative to Appellant's June 12, 1999, letter to Douglas Gill, OSPI;

10. Documentary and oral evidence relative to Washington State Department of Developmental Disabilities' ("DDD") letter offering in-home or out-of-home residential support services, a copy of the check authorized by DDD to pay Lourdes' Counseling Services for the Defendant–Appellee's instigated expense; and a collection notice from Lourdes Counseling Center;

11. Documentary and oral evidence relative to a copy of the student's current medical coupon for 1999;

12. Documentary and oral evidence relative to notification of approval for adoption support (1998);

13. Documentary and oral evidence relative to personnel provided to OSPI for 1996, 1997, 1998 school years; and

14. Documentary and oral evidence relative to the student's emergency placement (subsequent to close of record in the administrative proceeding) at Eastern State Hospital, motion for extended treatment, Order for Involuntary treatment, Plaintiff–Appellant's letter to Dr. Paul Rosier, Superintendent of Defendant–Appellee's school district, and letter to Roger Grant, student's case manager at DDD regarding student's placement at Eastern.

(Ct.Rec.36.)

## III. THE STANDARD FOR ADMITTING ADDITIONAL EVIDENCE

■ Special Education Cause No. 98–38 was a due process hearing held pursuant

to IDEA, 20 U.S.C. § 1415(f)(1). Pursuant to 20 U.S.C. § 1415(i)(2)(A), an appeal of the decision made in such a hearing may be filed in federal district court. In any such appeal, the court

(i) shall receive the records of the administrative proceedings;

(ii) shall hear additional evidence at the request of a party; and

(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C.A. § 1415(i)(2)(B) (West 2000). A district court's review of an IDEA due process hearing decision thus "differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record." *Ojai Unified Sch. Distr. v. Jackson,* 4 F.3d 1467, 1471 (9th Cir.1993).

 The trial court has discretion to determine what constitutes "additional evidence," as that term is used in 20 U.S.C. § 1415(i)(2)(B)(ii). *Id.* at 1473. However, the trial court " 'must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo.' " *Id.* (quoting *Town of Burlington v. Department of Educ. for the Commonwealth of Mass.,* 736 F.2d 773, 790–91 (1st Cir.1984)). The Ninth Circuit has construed "additional evidence" to mean "supplemental evidence." *Id.* at 1472–73. Reasons for supplementation " 'might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.' " *Id.* at 1473 (quoting *Town of Burlington,* 736 F.2d at 790–91).

 The Ninth Circuit has also endorsed the practical approach of rebuttably presuming an administrative hearing witness to be foreclosed from testifying at trial, noting that "supplemental evidence" does not include allowing " 'witnesses at trial to repeat or embellish their prior administrative hearing testimony.' " *Id.* at

1473 (quoting *Town of Burlington,* 736 F.2d 773 at 790–91). In deciding whether to permit a witness to testify, a court " 'should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.' " *Id.* at 1473 (quoting *Town of Burlington,* 736 F.2d at 790–91).

 Thus, under 20 U.S.C. § 1415(i)(2)(B)(ii) and *Ojai,* a court may, if requested, admit only such evidence as would supplement the record of the administrative proceeding. The requesting party bears the threshold burden of demonstrating, at the time of the request, that the supplemental evidence should be admitted because 1) the evidence was improperly excluded from the administrative hearing, 2) a witness was unavailable to testify at the hearing, 3) the requesting party could not have, by due diligence, discovered the evidence in time to offer it at the administrative hearing, 4) the evidence concerns relevant events which occurred after the hearing, or 5) the evidence is needed to repair gaps in the administrative transcript caused by mechanical failure.

## IV. THE APPLICABLE RULES OF EVIDENCE

The Federal Rules of Evidence govern proceedings in federal district courts. *See* Fed.R.Evid. 101, 1101(a). However, in a review of an agency action in which "the facts are subject to trial de novo under 5 U.S.C. § 706(2)(F)," any evidentiary rules provided in the statute governing the review of the agency action supersede the federal evidence rules. Fed.R.Evid. 1101(e). A review undertaken pursuant to 20 U.S.C. § 1415(i)(2)(A) is not literally a trial de novo under 5 U.S.C. § 706(2)(F). *See Ojai,* 4 F.3d 1467, 1473 (stating that the trial court should not allow admission

of additional evidence to change a review conducted pursuant to 20 U.S.C. § 1415(i)(2) into a trial de novo). However, a 20 U.S.C. § 1415(i)(2)(A) review entitles a court to hear additional evidence upon request and requires it to base its decision upon the preponderance of the evidence. *See* 20 U.S.C.A. § 1415(i)(2)(B)(ii), (iii) (West 2000). Since such a review is similar to one where the facts are subject to 5 U.S.C. § 706(2)(F) trial de novo, the Court determines that the Federal Rules of Evidence govern this proceeding and the admission of any additional evidence unless the rules are superceded by evidentiary rules set forth in 20 U.S.C. § 1415(i)(2).

■ There are no evidentiary rules in 20 U.S.C. § 1415(i)(2) itself. However, *Ojai* effectively imports rules of evidence to a 20 U.S.C. § 1415(i)(2) review by allowing evidence to be admitted that was improperly excluded from the administrative hearing or that was, for certain reasons, unavailable at the time of the hearing. When a reviewing court assesses whether evidence was improperly excluded from the administrative hearing, it must necessarily examine the exclusion in light of the evidence rules that bound the ALJ. Fairness dictates that the reviewing court also apply those same evidence rules when considering the admission of evidence that was unavailable or unknown at the time of the administrative hearing. Were the more stringent Federal Rules of Evidence applied instead, the requesting party could be penalized for something over which he had no control.

The rules of evidence that governed WOAHSPI ALJ O'Brien in SEC No. 98–38 are set forth in Washington Revised Code § 34.05.452 [1]:

(1) Evidence, including hearsay evidence, is admissible if in the judgment of the presiding officer it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs. The presiding officer shall exclude evidence that is excludable on constitutional or statutory grounds or on the basis of evidentiary privilege recognized in the courts of this state. The presiding officer may exclude evidence that is irrelevant, immaterial, or unduly repetitious.

(2) If not inconsistent with subsection (1) of this section, the presiding officer shall refer to the Washington Rules of Evidence as guidelines for evidentiary rulings.

(3) All testimony of parties and witnesses shall be made under oath or affirmation.

(4) Documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference.

(5) Official notice may be taken of (a) any judicially cognizable facts, (b) technical or scientific facts within the agency's specialized knowledge, and (c) codes or standards that have been adopted by an agency of the United States, of this state or of another state, or by a nationally recognized organization or association. Parties shall be notified either before or during hearing, or by reference in preliminary reports or otherwise, of the material so noticed and the sources thereof, including any staff memoranda and data, and they shall be afforded an opportunity to contest the facts and material so noticed. A party proposing that official notice be taken may be required to produce a copy of the material to be noticed.

Wash.Rev.Code. Ann. § 34.05.452 (West 1990).

Thus, the Federal Rules of Evidence will govern this Court's review of SEC No. 98–

---

1. WOAHSPI is an administrative section within the office of the superintendent of public instruction. *See* Wash.Rev.Code Ann. § 28A.155.020 (West 1997). The superintendent is a state officer. *See* Wash. Const. Art. 3, § 22; Wash.Rev.Code Ann. § 28A.300.010 (West 1997). The Washington Administrative Procedure Act, Wash.Rev.Code Ann. § 34.05 *et seq.*, applies to adjudicative proceedings before state officers. *See* WashRev.Code Ann. §§ 34.05.010(1), (2), 34.05.030(4) (West 1990 & Supp.2000).

38 except where the Court is determining whether to admit as additional evidence any evidence a party offers that 1) was improperly excluded from the administrative hearing, 2) is a witness who was unavailable to testify at the hearing, 3) the requesting party could not have, by due diligence, discovered the evidence in time to offer it at the administrative hearing, or 4) concerns relevant events which occurred after the hearing. In such cases, the evidence rules set forth in Washington Revised Code § 34.05.452, which incorporate as guidelines the Washington Rules of Evidence, apply. In keeping with 20 U.S.C. § 1415(i)(2)(B)(ii) and *Ojai,* the party requesting admission of such additional evidence bears the burden of demonstrating that the evidence complies with the governing evidence rules.

## V. DISCUSSION

■ As a general statement, the Court will admit only that evidence which the requesting party demonstrates is relevant to the matter before it on judicial review, namely the ALJ's rulings on following issues as they applied to the 1997–98 school year:

1. That Plaintiff-student be placed in a twenty-four hour restrictive environment at KSD expense;

2. That Plaintiff-student be reclassified from "health impaired" to "seriously behaviorally disturbed";

3. That a transition plan be formulated for Plaintiff-student;

4. That the current functional behavior assessment is not proper;

5. That the currently proposed IEP is not proper; and

6. That KSD reimburse the Parents for their expenses incurred by the private placement of Plaintiff-student at Carondolet, a psychiatric day treatment facility.

*See* Fed.R.Evid. 402; Wash.Rev.Code Ann. §§ 34.05.452(1), (2) (West 1990); Wash. R.Evid. 402.

1. *Documentary and oral evidence relating to all records in Defendant–Appellee's special education file for the period of time prior to 1996*

■ Plaintiff has failed to meet his burden of demonstrating that this evidence should be admitted to supplement the record. First, Plaintiff states in his reply memorandum that all the evidence for which he seeks admission was either denied admission at, or did not exist at the time of, the administrative hearing. (Appellant's Reply Mem. in Supp. of Mot. for an Order Allowing Additional Evidence, Ct.Rec. 44, at 1.) However, he did not cite to any part of the record supporting his assertion that this particular evidence was offered at the hearing. Defendant KSD asserts that this evidence was neither included in the exhibit books Plaintiff's father prepared nor offered at the hearing. (Ct.Rec. 37 at 6.) Second, Plaintiff also has not explained how documentary and oral evidence relating to records in Defendant's file for the period of time prior to 1996 was unavailable for, or undiscoverable or not yet in existence at the time of, a hearing that occurred in June and August 1998. Finally, Plaintiff has not demonstrated how the evidence is relevant to the issues decided in SEC No. 98–38 and before this Court on review. The Court denies admission of this evidence.

2. *Documentary and oral evidence relating to all documents removed by Phyllis Busch, former Special Education Director in the Defendant–Appellee school district, from the student's master special education file*

Plaintiff requests admission of documentary and oral evidence relating to legal correspondence Phyllis Busch removed from Plaintiff-student's master special education file. (Ct.Rec. 44 at 19–21.) Ms. Busch apparently removed the correspondence because it was, at least initially, protected by attorney-client privilege and

was not to have been in the file to begin with. (Id.)

Plaintiff has again failed to meet his burden of demonstrating that this evidence should be admitted to supplement the record. He has failed to cite any part the record supporting his assertion that this particular evidence was offered during, but improperly excluded from, the administrative hearing. That there was opportunity at the hearing to raise the issue of documents removed from the file is evidenced by the fact Ms. Busch testified extensively at the hearing. (Ct.Rec. 37 at 7.) The Court denies admission of this evidence.

### 3. Documentary, physical, and oral evidence relative to all tape recorded meetings between the Plaintiff-Appellant and Defendant-Appellee

Plaintiff apparently seeks admission of this evidence on the grounds that ALJ O'Brien improperly excluded it from the administrative hearing. ALJ O'Brien excluded tape recordings and recording transcriptions of meetings because the persons speaking on the tapes were available to testify at the hearing. Hearing testimony, unlike the statements on tapes, would be sworn and subject to cross-examination. (Ct.Rec. 37 at 4 quoting Tr., Volume VII at 1811–12.)

The tapes and transcriptions as a whole constitute hearsay. Hearsay is admissible if the ALJ determines that it "is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs." Wash.Rev. Code Ann. § 34.05.452(1). The Ninth Circuit reviews evidentiary rules of a district court for abuse of discretion. See, e.g., Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir.1999), cert. denied, City of Westminster v. Herr, —— U.S. ——, 120 S.Ct. 614, 145 L.Ed.2d 509 (1999). Applying the same standard of review for evidentiary rulings of an ALJ, the Court finds ALJ O'Brien did not abuse her discretion and rationally preferred live, sworn testimony to tapes and transcripts. Nonetheless, impeachment of witnesses with specific excerpts from tapes or transcripts would have been appropriate. Since Plaintiff fails to show where in the record he offered tapes or transcripts for impeachment purposes, he has failed to show the recordings and transcripts were improperly excluded from the hearing. Plaintiff also does not show 1) that any statements on the tapes or transcripts were made by individuals who were unavailable to testify at the hearing or 2) that, at the time of the hearing, Plaintiff could not have discovered specific tapes or transcripts or that the tapes were of meetings occurring after the hearing. Plaintiff therefore fails to meet his burden of demonstrating that the evidence should be admitted to supplement the record. The Court denies admission of this evidence.

### 4. Documentary, physical, and oral evidence relative to the tape recorded press conference of Lynn Fielding, School Board Member in the Defendant-Appellee school district

Plaintiff apparently refers to statements Lynn Fielding made at a Tri City Herald editorial board meeting while he was running for reelection to the school board in 1995. (Ct.Rec. 44 at 21–22.) Defendant KSD states that although Mr. Fielding was identified as a hostile witness on Plaintiff's witness list, he was "never called as a witness, nor was any offer made of the tape-recorded press conference." (Ct. Rec. 37 at 5.) Other than generally stating that the evidence he wants additionally admitted was either denied admission at or did not exist at the time of the administrative hearing (Ct.Rec. 44 at 1), Plaintiff offers no explanation as to why Mr. Fielding was not called to testify or why the tape was not offered. Thus, Plaintiff has failed to show why documentary, physical, or oral evidence relative to the recorded press conference should be admitted to supplement the administrative record. The Court denies admission of this evidence.

5. *Documentary and oral evidence relative to the transcript of Kim Trusty, Special Education Director of Richland School District, subject of Special Education Cause No. 98–87—Richland School District*

 Plaintiff stated in the hearing with this Court that this evidence developed after the SEC No. 98–39 administrative hearing. However, Plaintiff failed to demonstrate how testimony of the special education director of the Richland School District in a subsequent case would be relevant to the issues before this Court on review. The Court denies admission of this evidence.

6. *Documentary and oral evidence relative to the summaries of Lynn Williams, M.D., and Eric Simmons, D.O., and a letter from Thomas Dillon, M.D.*

 In the hearing with this Court, Plaintiff stated that this evidence, though developed after the administrative hearing, was more of the same type of evidence already in the administrative record. The Court denies admission of this evidence on the grounds that its probative value is substantially outweighed by the needless presentation of cumulative evidence. *See* Wash.Rev.Code Ann. §§ 34.05.452(1), (2) (West 1990); Wash.R.Evid. 403.

7. *Documentary and oral evidence relative to the working agreement between DSHS and Office of Superintendent of Public Instruction ("OSPI") signed by Douglas Gill, OSPI*

Plaintiff stated during the hearing before this Court that this information existed at the time of the administrative hearing. He failed to cite to any part of the record showing the evidence was offered at, but improperly excluded from, the hearing. He also failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing. Admission of the evidence is denied.

8. *Documentary and oral evidence relative to single agency certification for 1996, 1997, and 1998*

Plaintiff has failed to show either why he did not present this evidence at the administrative hearing or that the evidence was offered but improperly excluded from the hearing. The Court denies admission of this evidence.

9. *Documentary and oral evidence relative to Appellant's June 12, 1999, letter to Douglas Gill, OSPI*

Plaintiff withdrew this evidence from consideration by the Court. The Court therefore denies admission of this evidence because the request is moot.

10. *Documentary and oral evidence relative to Washington State Department of Developmental Disabilities' ("DDD") letter offering in-home or out-of-home residential support services, a copy of the check authorized by DDD to pay Lourdes' Counseling Services for the Defendant–Appellee's instigated expense; and a collection notice from Lourdes Counseling Center*

Plaintiff stated that this evidence came into existence after the administrative hearing. He asserted it is relevant because it establishes a higher level of need. The Court finds that Plaintiff has not shown how the evidence is relevant to the issues before the Court on review. Admission of the evidence is denied.

11. *Documentary and oral evidence relative to a copy of the student's current medical coupon for 1999*

Plaintiff stated that this evidence also came into existence after the administrative hearing; he asserted that it, too, is relevant because it establishes a higher level of need. Plaintiff did not show how the evidence is relevant to the issues before the Court on review. The Court denies admission of this evidence.

12. *Documentary and oral evidence relative to notification of approval for adoption support (1998)*

The Court denies admission of this evidence because Plaintiff failed to demonstrate how it was relevant to the issues before it on review.

13. *Documentary and oral evidence relative to personnel provided to OSPI for 1996, 1997, 1998 school years*

During the hearing with this Court, Plaintiff stated this information was not offered at the hearing. Because Plaintiff failed to explain why no offer was made, the Court denies admission of the evidence.

14. *Documentary and oral evidence relative to the student's emergency placement (subsequent to close of record in the administrative proceeding) at Eastern State Hospital, motion for extended treatment, Order for Involuntary treatment, Plaintiff-Appellant's letter to Dr. Paul Rosier, Superintendent of Defendant-Appellee's school district, and letter to Roger Grant, student's case manager at DDD regarding student's placement at Eastern*

Plaintiff clarified that this evidence concerns events occurring after the administrative hearing. However, Plaintiff failed to demonstrate why the evidence was relevant to the issues before this Court on review. The Court denies admission of this evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff–Appellant's Motion for an Order Allowing Additional Evidence Pursuant to 20 U.S.C. § 1415(i)(2)(B)(ii) (**Ct.Rec.36–1**) is **DENIED as set forth in this order.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to counsel.